Lobing, J.,
concurring:
When this cause was partially heard here before, it was sent back to the general docket. In announcing that decision, an opinion was read on the facts as then understood, that the captured vessels had been restored to their owners, so that when the case in the district court of New York was finally disposed of there, there ivas no fund subject to the order of that court from which these bills were payable. And on that ground it was suggested, in the opinion read, that the order of the district court was valid and efficient. The points of jurisdiction were, however, expressly reserved. Now it appears that the captured vessels were adjudged lawful prize, so that there was then a fund subject to the order of the court from which these bills could have been paid, and on which they were by statute made chargeable and directed to be paid before distribution of the fund. And the question now is, on this new and different state of facts, whether the order of the district court of New York is valid and efficient here for the maintenance of this action.
It is claimed, substantially, that such order is a judgment of a court of competent jurisdiction, imparting absolute verity, and as to which “ omnia vite acta ” is to be presumed.
There are two general rules as to the effect of judgments operative in this case- The one relates to courts acting within their general jurisdiction, and this distinguishes between superior and inferior courts. For the rule, in the words generally quoted from the case of Peacock v. Bell, (1 Saunders, p. 74,) is as follows, viz: “ The rule for jurisdiction is that nothing shall be intended to be out of the jurisdiction of a superior court but that which specially appears to be so, and nothing shall be intended to be within the jurisdiction of an inferior court but that which is so expressly alleged.”
The district courts of the United States are certainly not inferior courts, in the technical meaning of those words, and as courts of admiralty and prize they are of general jurisdiction ; and therefore their judgments, unappealed from, are conclusive *217 as to all matters involved in them. Thus in this case, money, which by statute was payable to the claimants from the proceeds of captured vessels, is shown to have been by accident paid into the Treasury. But it was so paid upon a decree or judgment of the district court, in the exercise-of its general jurisdiction, upon a matter within that; and that judgment, being unappealed from, concludes the facts involved in it and the title of the United States to the money, under the rule stated as to the effect of the judgments of superior courts acting on matters within their general jurisdiction.
The reason of the rule stated, which thus distinguishes between superior and inferior courts as to the effect of their judgments, is the regard which the law pays to general jurisdiction and the wide powers required for its exercise, which preclude specification, and therefore in favor of such general jurisdiction of superior courts; the law supplies by its intendment all that would authorize the judgment if it appeared on its face. But as to inferior courts of special jurisdiction, no such intendment is made by the lawr, and therefore the judgment of an inferior court must support itself and show on its face all that would authorize it.
But as such iuteudment is made by the law only in favor of genera,1 jurisdiction, where such jurisdiction is not used the reason of the rule, and consequently the rule itself, ceases. And both superior and inferior courts may be, and often are, required by statute to act without and beyond their general or usual jurisdiction, and on some particular matter over which neither has an y authority except by the statute. And in such case both use only a special statute authority, and as to that both stand alike, and are therefore subject to the same rule, which is the second rule above referred to, and is as follows, viz: That where a court, either superior or inferior, is acting not within its general or usual j urisdiction, nor according to the course of the common law, but only under a specific au-thoritj' conferred on it by statute, in a matter over which it would have no authority but for the statute, then, whether the court is superior or inferior, its judgment must show on its face, affirmatively, everything that the statute makes a pre-requisite to its authority.
The American editors of Smith’s Leading Gases, after exhausting the law relating to the judgments of superior courts act *218 ing within their general jurisdiction, thus state the rule of law we are considering, (Crepps v. Dwiden, 1 Smith’s Lead Cases, 1011, 6th Am. ed,:) Whatever may be the rule with regard to courts of general powers, when acting within the scope of their . powers, it is well settled that when they do not, and exercise a special statutory authority, their proceedings stand on the same footing with those of courts of limited and inferior jurisdiction, and will be invalid unless the authority on which they are founded has been strictly pursued.” The learned editors then cites scores of cases, and make citations from judicial decisions, one of which is from 33 New Hampshire Reports, pages 228-237, as-follows: “ When a court of general jurisdiction has special and summary powers, wholly derived from statute, and not according to the course of the common law, and which do not belong to it as a court of general jurisdiction, its judgments are treated like those of courts of limited and special jurisdiction, and everything necessary to give jurisdiction must appear by the record, while everything will be presumed to be without the jurisdiction which does not appear by the record to be within it.”
The case before us is within the rule last stated and the authorities cited; for the question here is not as to the jurisdiction of the district court of New York over the prize causes in which these claims arose, and which prize causes were within its general jurisdiction, but the question is as to the jurisdiction of that court over the judiciary fund. For the petitioners’ claim is rested on the order of the district court, made the 16th January, 1866, allowing and declaring the bills' sued here to be a charge on that fund. And it is manifest that in making this order the district court of New York was not acting within its general jurisdiction as a court of admiralty and prize. For that gives them no authority to make the repairs of captured vessels a charge specially on the judiciary fund. And their only authority for any such procedure in any case is the fourteenth section of the act entitled “ An act to regulate prize proceedings,” Sea., passed the 30th Jane, 1861. And on this the petitioners’ claim they are entitled to judgment here.
The fourteenth section of the statute must be so construed as to be consistent with its other provisions and its general intent ; and by the statute only the net proceeds of prize property are to be given to naval captors, or divided between them ana the United States; and all costs and charges are to be de *219 cluctecl from the prize property, when there is any, before its distribution. And it would be inconsistent with this that such costs and charges should be made a charge on the judiciary fund, when there were proceeds of prize property from which such costs and charges could be paid, subject to the order of the court, when the captured property was adjudged lawful prize. And the fourteenth section of the statute produces no such inconsistency, when the first words of its last paragraph, i. e.,. the words u when the cause is finally disposed of,” are held to govern all its subsequent clauses, so that the last shall read as if written, “ In case there shall be no money subject to the order of the court when the cause is finally disposed of, any costs or charges allowed by the court and not paid by the claimant shall be a charge upon and paid out of the fund for defraying the expenses of suits in which the United States is a party or-interested.”
Such a construction is according to the arrangement of the paragraph in which the copulative conjunction “ and” connects what follows with what precedes it. And a prize cause is finally disposed of when the captured property is adjudged to be, or not to be, lawful prize; for that is the judgment on the merits, and then the rights of parties are fixed, and’ nothing remains to be done but the application of the judgment. And such construction makes the costs and charges a charge on the judiciary fund only when the captured property furnishes no-fund for their payment, and that, we think, was the intent of the statute, and is in itself just and proper.
If this is so, then the authority of the district court of New York to allow these bills as a charge on the judiciary fund was conditioned on the fact that there were no proceeds of the prize property subject to the order of that court when the vessels, specified were adjudged lawful prize. And this fact is not shown on the face of the judgment, and the presumption is that there were then such funds, under the rule governing the construction of judgments of courts exercising a statutory authority not within their general jurisdiction, and therefore we think that this order of the district court of New York is void on its face; and this is irrespective of the fact, shown by the evidence, that when the captured vessels were adjudged lawful prize there was subject to the order of the court over a million dollars, the proceeds of the captured vessels, from which the *220 bills sued bore were made payable by statute. For if that fact bad been negatived on tbe face of tbe judgment, it would have been fixed for us thereby, whatever tbe evidence in tbe case might have shown.
It is observable that if this claim were allowed, then in prize causes, in which the proceeds of the prize property were divided between the United States aud the naval captors, or given wholly to such captors, the costs and charges might be wholly imposed on the United States by suits brought against them here on orders like this in question now; and that notwithstanding the statute under which this is claimed expressly makes the charges and costs in such cases a charge on such proceeds before their distribution, and distributes only the net proceeds after such charges and costs are deducted ; thus seeking to make it certain that where, as in this case, there are proceeds of the prize-property to be distributed, the charges and costs shall not be a burden to the Treasury; and applying to the distributees the equitable maxim, “ Qui senti commodum, sentire bebit onus.”
The order of the district court of New York uses the words of the statute as closely as grammatical correctness would •allow, viz, “ that there is no money subject to the order of this court in this cause,” thus recognizing the rule that requires that its jurisdiction in using this statutory authority should appear on the face of the record; and the difference of that court from our opinion is that it considered that the statute in its last clause did not refer to the time when the captured property was adjudged lawful prize, and the district court had subject to its order over a million dollars on which these bills were chargeable.
It is with great self-distrust that we express an opinion conflicting with the official action of the district court of New York, and therefore we have stated thus fully the reasons which seemed to us to require the judgment that this petition be dismissed.
As we find that this order of the district court of New York' is invalid on its face, we are not called upon to decide whether otherwise it would maintain this action here.
That the petitioners in this case rendered the services for which they seek to be paid is certain, but the question here is whether they can legally recover in this suit in this court, un- *221 tier the rules of law which govern our action. If they cannot, they still may have recourse to that equity which Congress, has reserved to itself for cases not within our legal powers.